[Civ. No. 4408.  First Appellate District, Division One.—January 30, 1923.]

BERTHA JOHNSON et al., Respondents, v. CARRIE E. BRIDGE et al., Appellants.

[1] SPECIFIC PERFORMANCE—EQUITY.—In suits for specific performance it must be affirmatively shown that the contract is fair and just, and that it is not inequitable to enforce it; and a court of equity will not lend its aid to enforce a contract which is in any respect unfair or which savors of oppression.

[2] VENDOR AND VENDEE — OVERLAPPING OF BUILDING UPON ADJOINING
PROPERTY—DUTY OF VENDOR TO REMOVE ENCUMBRANCE.—Where a
vendee makes her purchase under a contract which specifically de-
scribes the property by metes and bounds, and which provides that
upon full performance by her of all the terms of her agreement the
vendor will execute and deliver to her a good and sufficient deed
conveying the premises free and clear of all encumbrances, the over-
lap or encroachment of the building thereon upon the adjoining lot
constitutes an encumbrance against which the vendor has agreed to
hold the vendee harmless; and such encroachment constitutes a sub-
stantial objection to the vendor's title, the burden of which it is
incumbent upon her to remove.

[3] ID.—EXPENSE OF REMOVAL—EQUITY.—The overlapping of the house
upon the adjoining property having constituted a substantial en-
cumbrance upon the property contracted for and one which the ven-
dor had agreed by her contract to insure against, the expense of re-
moving the building to the proper lines could not equitably be
charged against the vendee.

[4] ID.—WHAT CONSTITUTES ENCUMBRANCE.—As applied to an estate
in land an encumbrance may include whatever charges, burdens,
obstructs, or impairs its use or impedes its transfer.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. T. I. Fitzpatrick,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Hubbard & Johnson and T. W. Hubbard for Appellants.

Frank E. Powers for Respondents.

TYLER, P. J.—This is an action to specifically enforce a
contract for the sale of certain real property. Judgment
went for plaintiffs, and it directed that defendants execute
a deed conveying the property in question upon payment to
them of the sum of $79.25, an amount admitted to be due.
This is an appeal from such judgment.

It appears from the record that on April 20, 1912, Car-
rie E. Bridge, as vendor, and Bertha Johnson, as vendee,
entered into a written contract for the purchase and sale
of a certain house and lot situated in San Francisco. A
small deposit was made by the vendee, and the balance of
the purchase price was to be paid in monthly installments,

the vendor to retain title to the premises until full payment was had.

Plaintiff with regularity made her payments pursuant to the terms of the contract. Following the execution thereof, and in the year 1916, the building was partially destroyed by fire, and the vendor collected the insurance, amounting to the sum of $700. At that time both parties to said contract learned for the first time that the house as it had been originally erected overlapped the lot of the contiguous owner. Notwithstanding this fact the building was reconstructed by the vendor as it originally stood, the sum collected as insurance thereon being used for such purpose. Upon the completion of the building plaintiff Bertha Johnson entered into the actual possession of the property and has ever since been and now is in such actual possession. After the defendant vendor had reconstructed the building the adjoining lot owner instituted a suit against her, and judgment was rendered requiring the removal of the structure. In conformity with the terms of the judgment the building was removed to the proper lines, and it is here sought by the vendor to recover from said plaintiff the various items of expense incident thereto before being required to execute the deed in conformity with her original agreement. There is evidence to show that the vendee, after she discovered the overlapping and before the reconstruction of the house, suggested to her vendor that the structure be moved the necessary distance to take it off the adjoining lot. Plaintiff Bertha Johnson also testified that defendant vendor refused to do so, and told said plaintiff not to bother about the matter as the adjoining owner could do nothing in the premises and that the question was one which did not concern her. The defendant, on the other hand, denied that any such request for removal had ever been made. Under these circumstances it is the claim of appellants that the evidence does not show a case for specific performance as granted inasmuch as it is inequitable to make such a decree against them without basing it upon the condition that the money expended in removing the house and the costs incurred in the ejectment suit and certain other incidental expenses be returned to them. It is further claimed that said plaintiff, from the time she entered into possession of the property, has been the equitable owner thereof, and all expenses in-

curred by reason of the fact that the house was built across the line should be borne by her.

[1] It is undoubtedly true that the rule is well established in suits for specific performance it must be affirmatively shown that the contract is fair and just, and that it is not inequitable to enforce it. A court of equity will not lend its aid to enforce a contract which is in any respect unfair or which savors of oppression. In the instant case, however, no such condition exists. [2] Plaintiff made her purchase under a contract which specifically described the property by metes and bounds. The contract also provided that upon full performance by her of all the terms of her agreement the vendor would execute and deliver to her a good and sufficient deed conveying the premises free and clear of all encumbrances. It is conceded that plaintiff Bertha Johnson punctually observed and performed all conditions required of her. Here the overlap and encroachment upon the adjoining lot amounted to some two feet, and this certainly constituted an encumbrance against which defendant Carrie E. Bridge by her contract agreed to hold the vendee harmless. The encroachment constituted a substantial objection to the vendor's title the burden of which it was incumbent upon her to remove. (39 Cyc., p. 1506.)

Equally untenable is the claim that as equitable owner of the property the plaintiff must bear the burden of the expense growing out of the overlap. What has been said with reference to appellant's first contention applies with equal force to this one. Plaintiff received no benefit under the contract that she was not entitled to. It called for certain definite property described therein clear of all encumbrances. [3] The overlapping of the house in the manner indicated upon the adjoining owner was certainly a substantial encumbrance upon the property contracted for and one which the said defendant had agreed by her contract to insure against. The expense of doing the work could not therefore be equitably charged against the vendee. [4] As applied to an estate in land an encumbrance may include whatever charges, burdens, obstructs, or impairs its use or impedes its transfer. (20 C. J. 1252.)

From what we have said it follows that the judgment should be and it is hereby affirmed.

Richards, J., concurred.